United States District Court
Southern District of Texas
**ENTERED**
July 24, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LENNIE JACKSON, as DERIVATIVE OF BL ENTERPRISES, LLC, | § § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-18-2135 |
| NEW CENTURY MORTGAGE CORP., and MORTGAGE ELECTRONIC, | § § § § | |
| Defendants. | § | |

## **MEMORANDUM, RECOMMENDATION AND ORDER**

Plaintiff, Lennie Jackson, purports to brings this "shareholder derivative action" on behalf of BL Enterprises, LLC, a corporation owned and controlled by himself as its sole shareholder, against New Century Mortgage Corporation ("New Century") and Mortgage Electronic.[1]

In the complaint, Jackson avers that BL Enterprises purchased real property from Dorothy Merritt that was subject to a mortgage lien and deed of trust held by New Century. Jackson alleges that after New Century filed for bankruptcy, its loan portfolio was purchased by Carrington Capital Management, LLC ("Carrington Capital"). Jackson asserts that Carrington has "abandoned" its claim to the property and, on behalf of BL Enterprises, LLC, he seeks to quiet title on the real property by suing New Century and Mortgage Electronic to lift the lien.

---

[1] The court assumes Mortgage Electronic refers to Mortgage Electronic Registration System, Inc. (MERS).

On January 24, 2019, Plaintiff filed a motion for entry of default against New Century. On July 23, 2019, the court held a status conference. There, Jackson informed the court that BL Enterprises purchased the property from Merritt for $5,000, knowing that it was subject to a lien. He estimated that the property was worth over $100,000. Jackson explained that he did not sue Carrington Capital, the present holder of the note, because he believes that New Century is the appropriate party and that Carrington Capital has not asserted an interest in the property.

Jackson is not an attorney but argues that he has standing to bring a derivative suit on behalf of BL Enterprises, LLC, by virtue of Texas Business Corporations Act, Article 5.14(L), a section which is no longer in force.[2]

At the hearing, the court explained to Jackson that, as a non-lawyer, he may not represent the interests of BL Enterprises, LLC, in federal court. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993)(stating that federal courts have uniformly held that 28 U.S.C. § 1654 does not permit corporations to appear other than through a licensed attorney); Memon v. Allied Domecq QSR, 385 F.3d 871, 873 (5th Cir. 2004)(same).

It is therefore **ORDERED** that BL Enterprises, LLC, hire counsel

---

[2] Art. 5.14(L) was replaced by Texas Business Organizations Code §§ 21.551-563 on January 1, 2010.

within two weeks of today's date.³  If BL Enterprises fails to hire counsel as ordered, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice.

The Clerk shall send copies of this Memorandum, Recommendation and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 24th day of July, 2019.

_Nancy K. Johnson_
United States Magistrate Judge

---

³  This is not the first time Jackson has attempted to represent BL Enterprises and has been told that it is improper for him to do so as a non-lawyer.  See Doc. 39, Ord. of Dismissal Dated Apr. 12, 2019, Jackson, individually and derivative of BL Enterprises v. Wells Fargo Bank, et al., 4:18-cv-2303, S.D. Tex.  Therefore, the court does not grant a longer period of time within which to hire counsel.